## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KHALID MOHAMMAD,

       Plaintiff,

v.                                      No.  14cv409 WJ/KBM

UNITED STATES OF AMERICA, *et al.*,

       Defendants.


## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING CLAIMS AGAINST CERTAIN DEFENDANTS, AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT IMPOSE FILING RESTRICTIONS

**THIS MATTER** comes before the Court on Plaintiff Khalid Mohammad's Application to Proceed in District Court without Prepaying Fees or Costs.  (Doc. 3, filed May 1, 2014).  For the reasons stated below, the Court will **GRANT** the application, **DISMISS** the claims against certain Defendants, and **ORDER PLAINTIFF TO SHOW CAUSE** why the Court should not impose filing restrictions.

**Motion to Proceed *in forma pauperis***

Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs on May 1, 2014.  (Doc. 3).  The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.

> Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true.  Plaintiff states that he is homeless, that his total monthly income is $189.00 from public assistance, and that he has no assets.

**Dismissal of Claims Against Certain Defendants**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable infrerences that might be drawn from them, in the light most favorable to the plaintiff."  *Id.*  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Plaintiff, who is proceeding *pro se*, seeks relief for the alleged violation of his constitutional rights under the Fourteenth Amendment.  (Complaint at 2).  Although his

complaint does not cite the statute, the Court construes his complaint as seeking relief pursuant to 42 U.S.C. § 1983. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed). "Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

**The Complaint**

Plaintiff alleges the following facts. (*See* Complaint at 13-15 *et seq.*, Doc. 1). On February 27, 2014, Assistant District Attorney Jason Yamato initiated an indictment, which he vacated on April 10, 2014. On March 5, 2014, Plaintiff received a Notice of Arraignment for a Grand Jury Indictment and ordered Plaintiff to appear before Judge Kenneth H. Martinez at the Second Judicial District Court on March 21, 2013. While at the courthouse, an unknown attorney for the New Mexico Public Defender's Office informed Plaintiff that she would represent him only for the arraignment and provided him with information to contact the Public Defender's Office for appointment of counsel for the indictment. An un-named judge did not inquire whether the Plaintiff understood the allegations in the indictment, entered a plea of "not guilty" on the Plaintiff's behalf, excluded a formal reading of the indictment on the record, denied Plaintiff's request to set a trial date, did not appoint counsel for the Plaintiff, and ordered the Plaintiff to report to the Metropolitan Detention Center ("MDC") by March 28, 2014. Jaime M. Flores, a "CSA"[1] at the Public Defender's Office, informed Plaintiff that counsel will be appointed for him.

On March 27, 2014, Plaintiff was at the Albuquerque Police Department ("APD") station. An un-named APD officer transported Plaintiff to MDC where he was booked and

---

[1] The Complaint does not specify what "CSA" stands for.

housed in isolation for several hours without cause.  Plaintiff remained in MDC's custody from

March 21, 2014 to April 10, 2014 without cause.[2]

On April 1, 2014, Plaintiff received a notice for a "Motion to compel selection of counsel

and request for speedy trial," which was signed by Assistant District Attorney Stephen P. Ochoa.

The notice states that defense counsel has not entered an appearance on behalf of the Plaintiff

and that a hearing has been set for May 29, 2014 before Judge Martinez.

Plaintiff alleges that he "lost his consciousness" several times while at the Courthouse, at

the Public Defender's Office, the APD station, during transport to MDC and at MDC.  Plaintiff

alleges that he "was subjected to medical malpractice" during the "loss of his consciousness" and

asserts violation of 14th Amendment rights/"medical malpractice" claims against the un-named

attorney and staff at the Public Defender's Office, Defendant Flores, staff at the Courthouse,

staff at the APD station and the APD officer that transported him to MDC, and staff at MDC.

Plaintiff also alleges that the following Defendants violated his 14th Amendment rights

and asserts the following causes of action against them:  (1) Judge Kenneth Martinez for failing

to arraign Plaintiff; (2) Assistant District Attorney Yamato for failing to prosecute Plaintiff; (3)

the un-named judge for ordering Plaintiff's arrest without informing him of the allegations

against him, for ordering Plaintiff's arrest without setting a trial date, and for failing to appoint

counsel at Plaintiff's arraignment; and (4) the un-named Public Defender attorney for ineffective

assistance of counsel by failing to object to the omission of a trial date and failing to object to the

arrest order.

The Complaint names over 50 Defendants, many of which appear to have no involvement

in the facts recited above other than the conclusory allegation that certain individual defendants

---

[2] The dates reported in the Complaint appear to be inconsistent.  However, the dates are not relevant to the rulings in this Memorandum Opinion and Order.

4

"fail[ed] to supervise, train, properly monitor, and implement remedies for injury causing acts" by other defendants, thereby "linking the liability of his wrongdoings to" the defendant entities. The Complaint states that "All defendants are sued in their official capacity . . . [and] via the doctrine of respondeat superior."  (Doc. 1 at 6).

**United States Defendants**

The Complaint names the following as defendants associated with the United States:

The United States of America;
The Supreme Court of the United States;
The United States Court of Appeals for the Tenth Circuit;
United States Department of Justice;
United States Department of Labor;
United States Occupational Safety & Health Administration; and
Un-named officers of the United States: DOE-AG-USA, DOE-SCUS, DOE-CA10, DOE-AG-USDOJ, DOE-DOL-USA, and DOE-OSHA-USA.

There are no factual allegations that any of the federal officers were involved with the events described in the Complaint.  The Complaint only makes the conclusory allegations that the federal officers "fail[ed] to supervise, train, properly monitor, and implement remedies for injury causing acts" by other defendants, thereby "linking the liability of his wrongdoings to" the federal entities.

The Court dismisses the claims against the United States, its departments and officers for lack of jurisdiction.  The Court construes Plaintiff's complaint as asserting *Bivens* claims against the United States and its officers.[3]  "In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting*

---

[3] Section 1983 "applies only to actions by state and local entities, not by the federal government . . . and does not apply to federal officers acting under color of federal law."  *Beals v. United States Department of Justice*, 460 Fed.Appx. 773, 775 (10th Cir. 2012).

*Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)).   A "*Bivens* claim can be brought only against federal officials in their individual capacities.   *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies."   *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).   Plaintiff's complaint does not allege any other basis for jurisdiction over his claims against the United States Defendants.   "District courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived.   *Id.*   Plaintiff, who bears the burden of establishing the United States' waiver of sovereign immunity, makes no allegations in his complaint that the United States waived its sovereign immunity.   Thus, the Court has no jurisdiction over Plaintiff's claims against the United States Defendants.

**State of New Mexico Defendants**

The Court dismisses the claims against the State of New Mexico and its un-named Attorney General representative DOE-AG-NM, and the New Mexico Occupational Health and Safety Review Commission and its un-named representative DOE-OHSRC-NM for lack of jurisdiction.   "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."   *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).   There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued."   *Id.* at 1181.   Neither exception applies in this case.   "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983."   *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the state of New Mexico waived

its Eleventh Amendment immunity in this case. The Court concludes that it lacks subject matter

jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims with respect to the State of New Mexico

Defendants.

**State Judicial Defendants**

The Court dismisses the claims against the following State judicial defendants:

The New Mexico Supreme Court and its representative DOE-NMSC;
The New Mexico Court of Appeals and its representative DOE-CA;
The Second Judicial District Court, its representative DOE-SJDC,
Second Judicial District Court Judge Kenneth H. Martinez,
the un-named Second Judicial District Judge DOE-JUDGE; and
the State Bar of New Mexico and its un-named representative DOE-SB-NM.

The New Mexico Supreme Court, the New Mexico Court of Appeals, the Second Judicial Court,

and the State Bar of New Mexico, as arms of the State, and their representatives, are immune

from suit.  *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle

Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state,

or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983

and therefore are immune from § 1983 damages suits.").

Judge Kenneth H. Martinez and the un-named Second Judicial District Judge DOE-

JUDGE are also immune from suit.  "[S]tate court judges are absolutely immune from monetary

damages claims for actions taken in their judicial capacity, unless the actions are taken in the

complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir.

2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)).  Plaintiff's allegations against the

two judges, that one or the other never arraigned Plaintiff, entered a plea of "not guilty,"

excluded a formal reading of the indictment, denied Plaintiff's request for appointment of

counsel, denied Plaintiff's request to set a trial date, and ordered Plaintiff to report to MDC,

clearly show that these actions were taken in the judges' judicial capacity.  *See Stump v.*

*Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

The Court dismisses the claims against the un-named representatives of the New Mexico Supreme Court, the New Mexico Court of Appeals, and the Second Judicial Court, DOE-NMSC, DOE-CA, and DOE-SJDC, because they are also immune from suit.  "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process."  *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).

**State Prosecutorial Defendants**

The Court dismisses the claims against Office of the District Attorney, the un-named representative of the Office of the District Attorney DOE-ODA-NM, Assistant District Attorney Stephen P. Ochoa and Assistant District Attorney Jason Yamato.  "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case."  *Mink v. Suthers,* 482 F.3d 1244, 1261-62 (10th Cir. 2007). Plaintiff alleged that Defendant Ochoa signed a motion by the State to compel selection of counsel for Plaintiff and to request a speedy trial but does not assert any causes of action against Defendant Ochoa.  (Complaint at 15).  Plaintiff alleges that Defendant Yamato initiated and later vacated an indictment, and violated Plaintiff's 14th Amendment Right "to be free of ALL injuries" by failing to prosecute the Plaintiff.  (Complaint at 35).  Because the alleged actions of

Defendants Ochoa and Yamato clearly cast them in the role of an advocate initiating and presenting the government's case, they are entitled to absolute immunity.

**Public Defender**

The Court dismisses the claims against the New Mexico Public Defender Department and its representative DOE-PDD-NM, the un-named Public Defender DOE-COUNSEL, the Law Offices of the Public Defender and its representative DOE-PDD-ABQ, and Jaime Flores, the CSA at the Public Defender's Office.  "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant. *Dunn v. Harper County*, 520 Fed.Appx. 723, 725-726 (10th Cir. 2013) (*quoting Polk County v. Dodson,* 454 U.S. 312, 325 (1981)).  A public defender may be liable under section 1983 if he engages in intentional misconduct such as a conspiracy with state officials to deprive a defendant of his constitutional rights.  *Tower v. Glover,* 467 U.S. 914, 923 (1984).  Here, however, Plaintiff does not allege any facts which, even if construed liberally, suggest that the the public defender conspired with anyone to deprive him of a constitutional right.

**Albuquerque Police Department and Metropolitan Detention Center**

The Court dismisses the claims against Bernalillo County Metropolitan Detention Center and the City of Albuquerque Police Department because they are not separate suable entities. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

**Bernalillo County and City of Albuquerque**

The Court dismisses the claims against Bernalillo County and the City of Albuquerque without prejudice[4] because Plaintiff's complaint fails to state a claim against them. "[V]icarious liability will not open a municipality to liability simply when one of its officers has committed a constitutional violation . . . "[i]t is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002) (*quoting Monell v. Dep't of Social Services,* 436 U.S. 658, 694 (1978) and *City of Canton v. Harris,* 489 U.S. 378, 385 (1989) ("the inadequacy of police training may serve as a basis of § 1983 liability ... where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact.")). The only allegations in the complaint regarding the County and the City are that they are "sued as an entity under the doctrine of respondeat superior" and that their representatives "fail[ed] to supervise, train, properly monitor, and implement remedies for injury causing acts by" other Defendants. There are no allegations of County or City policies or customs that might serve as a basis for § 1983 liability, or that the failure to supervise, train and implement remedies amounts to a deliberate indifference to Plaintiff's rights.

The Court dismisses the claims against the County's representative DOE-MGR-COB and the City's representative DOE-MYR-COA without prejudice[5] for two reasons. First, Plaintiff's complaint states that these defendants are being "sued via the doctrine of respondeat superior. "Section 1983 does not authorize liability under a theory of respondeat superior." *Brown v.*

---

[4] Plaintiff may amend his complaint pursuant to Fed. R. Civ. P. 15. *See Montana v. Hargett*, 84 Fed.Appx. 15, 17 (10th Cir. 2003) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a "district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").
[5] Plaintiff may amend his complaint pursuant to Fed. R. Civ. P. 15.

*Montoya*, 662 F.3d 1152, 1163-1164 (10th Cir. 2011).  "[T]o establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution [and then] must show an 'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates . . . mere negligence is not enough to hold a supervisor liable under § 1983 . . . a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur."  *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151-1152 (10th Cir. 2006).  Plaintiff's complaint contains no allegations that DOE-MGR-COB or DOE-MYR-COA acted knowingly or with deliberate indifference that a constitutional violation would occur.  Second, Plaintiff is suing DOE-MGR-COB and DOE-MYR-COA in their official capacities.  "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."  *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

**American Bar Association**

The Court dismisses the claims against the American Bar Association and its un-named representative DOE-ABA-US because they are not state actors.  Section 1983 only authorizes suits against persons acting under color of state law.  The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Stone v. Elohim, Inc.* 336 Fed.Appx. 841, 842 (10th Cir. 2009) (*quoting Lugar v. Edmondson Oil*

*Co., Inc.* 457 U.S. 922, 937 (1982)).  "Private persons may be said to act under color of state law

if they are jointly engaged with state officials in the challenged action . . . But private conduct

that is not fairly attributable to the State is simply not actionable under § 1983, however

discriminatory or wrongful the conduct is."  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir.

2009). Because the American Bar Association and its un-named representative are private actors,

Plaintiff can only state a cognizable § 1983 claim against them if he adequately alleges that these

defendants conspired with the state actors to violate his federal rights.  *See Beedle v. Wilson*, 422

F.3d 1059, 1073 (10th Cir. 2005).  "[W]hen a plaintiff attempts to assert the state action required

for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere

conclusory allegations with no supporting factual averments are insufficient,' [instead] the

plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.*  The

only allegations in Plaintiff's complaint against the American Bar Association and its

representative are that the representative "failed to supervise, train, properly monitor, and

implement remedies for injury causing acts by" another defendant.  (Complaint at 18, 25, 34, 36,

38, 40, 42, 44 and 46).  Plaintiff's complaint makes no allegations that the American Bar

Association or its representative conspired with state actors or that their actions are attributable

to the Count or City.

**Unknown Defendants**

The Court dismisses the claims against the unknown APD and MDC Defendants without

prejudice.[6]  "Courts have generally recognized the ability of a plaintiff to use unnamed

---

[6] Although Plaintiff states he is suing the unknown APD Defendants and the unknown MDC Defendants in their official capacities and failed to specify that he was suing them in their individual capacities, the Court liberally construes his complaint as asserting claims against the unknown APD Defendants and the unknown MDC Defendants in their individual capacities.  *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179

defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."   *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996); 2 Moore's Federal Practice § 10.02[d][i] (3d ed. 2014) ("A plaintiff using the John Doe appellation must not only allege that the defendant is unknown, but also provide, or attempt to provide, an adequate description or other known information so that service of process can at least be attempted.").   "If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed." 2 Moore's Federal Practice § 10.02[d][i] (3d ed. 2014)*.; see Stratton v. City of Boston*, 731 F.Supp. 42, 45 (D.Mass. 1989) (dismissing case against unknown defendants and allowing plaintiffs leave to file an amended complaint where facts presented in submissions before the court make it appear that the plaintiffs could have inquired and obtained the names of the police officers on duty).   Plaintiff has not provided an adequate description or other information regarding the unknown defendants so that service of process can at least be attempted, and has not indicated that he made any inquiry to determine the identities of the unknown APD and MDC Defendants.

Plaintiff alleges that the unknown APD and MDC Defendants subjected him to "medical malpractice," and that the unknown MDC Defendants housed him to in isolation without cause. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) ("The Eighth Amendment requires jail officials to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable

---

Fed.Appx. 445, 446 (10th Cir. 2006) (court liberally construes pleadings of party proceeding *pro se* as asserting claims against named defendants in both their official and individual capacities); *Pride v. Does*, 997 F.2d 712, 715-716 (10th Cir. 1993) (where plaintiff failed to specify that he was suing defendant in her individual capacity, it is clear from both the pleadings and the course of litigation that he was doing so).

13

measures to guarantee the inmates' safety."); *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013) ("punishment is *never* constitutionally permissible for presumptively innocent individuals awaiting trial").  Construing his Complaint liberally, Plaintiff has alleged a plausible claim for relief.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief").

Plaintiff states that he will seek leave of the Court to amend his Complaint to reflect the identities of the unknown defendants when such information is ascertained.  (Complaint at 6). Plaintiff will be given 60 days to amend his Complaint to name the particular APD officers and MDC staff who he believes have violated his rights.  *See Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (stating that on remand, and after "a reasonable period of time for discovery," plaintiff should be given opportunity to amend complaint to name particular agents who he believes have violated his rights); *Stratton v. City of Boston*, 731 F.Supp. 42, 45 (D.Mass. 1989) (dismissing case against unknown defendants and allowing plaintiffs leave to file an amended complaint within sixty days).

**Order and Notice of Proposed Filing Restrictions**

Plaintiff has filed 10 cases in the District of New Mexico since January 27, 2014.  *See Mohammad v. DOE*, No. 14cv84 WJ/RHS; *Mohammad v. Banks*, No. 14cv170 JH/RHS; *Mohammad v. United States*, No. 14cv307 JH/KBM; *Mohammad v. ALON 7-Eleven #713*, No. 14cv324 LH/RHS; *Mohammad v. ALON 7-Eleven #716*, No. 14cv325 JP/KBM; *Mohammad v. ALON 7-Eleven #717*, No. 14cv326 LH/RHS; *Mohammad v. Circle K #8943*, No. 14cv340 KG/SMV; *Mohammad v. Rio Metro Regional Transit*, No. 14cv353 MV/KBM; *Mohammad v. Target*, No. 14cv375 KG/RHS; *Mohammad v. United States*, No. 14cv409 WJ/KBM.  Five of

14

those cases have been dismissed for lack of jurisdiction.  *See Mohammad v. DOE*, No. 14cv84 WJ/RHS; *Mohammad v. ALON 7-Eleven #713*, No. 14cv324 LH/RHS; *Mohammad v. ALON 7-Eleven #716*, No. 14cv325 JP/KBM; *Mohammad v. ALON 7-Eleven #717*, No. 14cv326 LH/RHS; *Mohammad v. Circle K #8943*, No. 14cv340 KG/SMV.  In the eight most recently filed cases, Plaintiff seeks relief for alleged violations of his constitutional rights, and asserts frivolous claims, fails to demonstrate that the Court has jurisdiction, makes allegations which fail to state claims against numerous defendants, or seeks monetary relief against defendants who are immune from such relief.

The Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings.  *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984.  In less than three months, Plaintiff has filed 10 complaints which assert frivolous claims, fail to demonstrate that the Court has jurisdiction, make allegations which fail to state claims against numerous defendants, or seek monetary relief against defendants who are immune from such relief.  Plaintiff's abusive conduct justifies imposition of an injunction against him to deter frivolous filings.  *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989).  The Court will notify Plaintiff of proposed filing restrictions.  *See id.* at 353-54.  If Plaintiff fails to comply with this order, the Court may enter the restrictions below without further notice.

Plaintiff is hereby notified that, by subsequent order, he will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*.  *See DePineda v.*

*Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).  To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File a petition with the Clerk of Court requesting leave to file a *pro se* initial pleading;

2. File with the petition a copy of the complaint Plaintiff seeks to file and a notarized affidavit, in proper legal form, which recites the claims that Plaintiff seeks to present, including a short discussion of the legal right asserted, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation.  If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. Submit the petition, proposed complaint and affidavit, with a copy of these filing restrictions, to the Clerk of the Court, who will be directed to forward them to the Chief Magistrate Judge for determination of whether to permit the filing of a *pro se* original proceeding.  Without the Chief Magistrate Judge's approval and the concurrence of the assigned District Judge, the Clerk will be directed to return the petition or complaint without filing.  If the Chief Magistrate Judge and assigned District Judge approve the filing, an order will be entered directing the Clerk to file the petition or complaint.

**IT IS THEREFORE ORDERED** that Plaintiff Khalid Mohammad's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 3, filed May 1, 2014) is **GRANTED.**

16

**IT IS ALSO ORDERED** that the claims against the following Defendants are **DISMISSED** and that the following Defendants are **DISMISSED:**

The United States of America, the Supreme Court of the United States, the United States Court of Appeals for the Tenth Circuit, United States Department of Justice, United States Department of Labor, United States Occupational Safety & Health Administration, and un-named officers of the United States: DOE-AG-USA, DOE-SCUS, DOE-USCA10, DOE-AG-USDOJ, DOE-DOL-USA, and DOE-OSHA-USA;

The State of New Mexico and its representative DOE-AG-NM, and the New Mexico Occupational Health and Saftey Review Commission and its un-named representative DOE-OHSRC-NM;

The New Mexico Supreme Court and its representative DOE-NMSC, the New Mexico Court of Appeals and its representative DOE-CA, the Second Judicial District Court and its representative DOE-SJDC, Second Judicial District Judge Kenneth H. Martinez, the un-named Second Judicial District Judge DOE-JUDGE, and the State Bar of New Mexico and its un-named representative DOE-SB-NM;

The Office of the District Attorney, the un-named representative of the Office of the District Attorney DOE-ODA-NM, Assistant District Attorney Stephen P. Ochoa and Assistant District Attorney Jason Yamato;

The New Mexico Public Defender Department and its representative DOE-PDD-NM, the un-named Public Defender DOE-COUNSEL, the Law Offices of the Public Defender and its representative DOE-PDD-ABQ, and Jaime Flores;

The County of Bernalillo, its representative DOE-MGR-COB, the Metropolitan Detention Center, and the unknown MDC defendants DOE-MDC;

The City of Albuquerque, its representative DOE-MYR-COA, the Albuquerque Police Department, and the unknown APD defendants DOE-OFFICER and DOE-APD-NM; and

The American Bar Association and its un-named representative DOE-ABA-US.

**IT IS FURTHER ORDERED** that within ten (10) days from entry of this order, Plaintiff may file written objections, limited to ten pages, to the proposed filing restrictions described above.  If Plaintiff files no timely objections, the Court may enter the restrictions without further notice.  If Plaintiff files timely objections, restrictions will take effect only upon entry of a subsequent order.

**UNITED STATES DISTRICT JUDGE**

18